UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGIN R. BRANTLEY (n/k/a MCKINNIE), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-443-HAB |
| ) | |
| RED RIVER WASTE SOLUTIONS LP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The law is a constantly evolving creature. Doctrines and rules that, for decades, were considered common sense can be uprooted by a clever attorney with the intelligence and foresight to identify issues that had eluded others before him. For these intrepid pioneers in the law, the lack of precedent is not an impediment, but instead an opportunity.

This is not one of those cases. Since its codification in 1964, Title VII has imposed two prerequisites to the filing of a lawsuit: (1) the filing of a claim with the EEOC; and (2) the issuance of a notice of right to sue. For nearly sixty years, parties and courts have understood that, where a plaintiff completes these steps, her claim is properly before a reviewing court. Defendant's Partial Motion to Dismiss (ECF No. 6) seeks to impose an additional step to the pre-suit process, that being the complete exhaustion of state administrative remedies. Relying primarily on Indiana state court decisions, Defendant argues that an Indiana rule requiring Indiana litigants to exhaust Indiana administrative remedies prior to bringing Indiana causes of action is not only relevant, but dispositive, of Plaintiff's claim under federal civil rights law.

Defendant is wrong. Its position is contrary to the express language of Title VII and unsupported by any applicable case law. This Court is not willing to re-write sixty years of

precedent because of a statement of law made by the Indiana Court of Appeals under circumstances that could hardly be more different. As such, Defendant's motion will be denied.

**A.      Factual and Procedural Background**

In 2019, Plaintiff "dual filed" complaints alleging racial discrimination and retaliatory discharge with the Fort Wayne Metropolitan Human Relations Commission ("Metro") and the Equal Employment Opportunity Commission ("EEOC"). Metro investigated Plaintiff's complaints and, on June 9, 2020, dismissed her complaints with a finding of no probable cause.

Under Metro's rules, the dismissal was a finding that was appealable within Metro's administrative structure. Plaintiff was advised of her appeal rights but elected not to pursue her claim further within Metro. Nor did Plaintiff seek an independent review of her case with the EEOC. Instead, the EEOC adopted Metro's findings and, on August 6, 2020, issued Plaintiff a standard notice of right to sue. Plaintiff timely brought the instant action in state court; Defendant removed the matter to this Court in December 2020.

Five days after removal, Defendant filed its motion to dismiss. The motion has been fully briefed (*see* ECF Nos. 7, 16, 17, 18, 20[1]) and is ripe for determination.

**B.      Legal Discussion**

**1.      *Standard of Review***

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court assumes all well-pleaded allegations in the complaint to be true and draws

---

[1] ECF No. 18 is Plaintiff's Motion to File a Sur-Response to Defendant's Partial Motion to Dismiss and ECF No. 20 is Defendant's response in opposition to that motion. "Typically, a surreply is allowed where the moving party raises new factual or legal issues in its reply brief, in order to ensure that the non-moving party has an adequate chance to respond to the new issues." *Cummins, Inc. v. TAS Distributing Co., Inc.*, 676 F.Supp.2d 701, 706 (C.D. Ill. 2009). The Court does not believe that Defendant's reply (ECF No. 17) raises new factual or legal issues. Moreover, the motion to dismiss is properly denied without resort to the additional arguments made in the proposed sur-reply. Accordingly, Plaintiff's Motion to File a Sur-Response to Defendant's Partial Motion to Dismiss (ECF No. 18) is DENIED.

all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

**2.**     ***Exhaustion under Title VII***

The procedural requirements for pursuing a Title VII action are contained in 42 U.S.C. § 2000e-5. The statute tasks the EEOC with investigating charges of employment discrimination but directs the EEOC to "accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law" where state and local authorities exist. *Id.* at § 2000e-5(b). To facilitate review by local authorities, the statute provides those authorities with an exclusive sixty-day window within which to conduct their investigation. *Id*. at § 2000e-5(d). Where state and local proceedings are available, a charge with the EEOC must be brought within three hundred days of the alleged conduct or thirty days after the state and local authorities have terminated their proceedings, whichever is earlier. *Id*. at § 2000e-5(f)(1).

Where, as here, the complaint is dismissed by the EEOC, or where the EEOC has failed to act within one hundred eighty days of the filing of the complaint, the EEOC must inform the complaining party of its decision and that party may bring a lawsuit. *Id*. Any such lawsuit must be brought within ninety days of the EEOC giving notice. *Id*. The lawsuit may be commenced in either state or federal court. *Id*. at § 2000e-5(f)(3).

And . . . that's it. No other exhaustion requirement is imposed by the statute. Reading this plain language, courts uniformly impose only two requirements before a suit may be brought under Title VII: (1) the plaintiff must file a charge with the EEOC; and (2) they must have received a right to sue letter from the EEOC and timely acted upon it. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Connor v. Ill. Dept. of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 176–77 (7th Cir. 1996); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 129 (7th Cir. 1989); *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980); *Carwyle v. Anna Hosp. Corp.*, 102 F.Supp.3d 1024, 1030 (S.D. Ill. 2015); *Metz v. Joe Rizza Imports, Inc.*, 700 F.Supp.2d 983, 988 (N.D. Ill. 2010); *Mathews v. Columbia Coll. Chi.*, 435 F.Supp.2d 805, 812 (N.D. Ill. 2006); *Kreilkamp v. Roundy's, Inc.*, 428 F.Supp.2d 903, 907 (W.D. Wis. 2006); *Blalock v. Ill. Dept. of Human Servs.*, 349 F.Supp.2d 1093, 1095 (N.D. Ill. 2004); *Karella v. Ameritech Info. Sys., Inc.*, 953 F.Supp. 945, 950 (N.D. Ill. 1996); *Allen v. City of Chi.*, 828 F.Supp. 543, 555 (N.D. Ill. 1993); *Luddington v. Ind. Bell Tel. Co.*, 796 F.Supp. 1550, 1566 (S.D. Ind. 1990).

It is undisputed that Plaintiff satisfied the statutory requirements for filing this action. She filed her charge with the EEOC, received a right to sue letter, and filed her lawsuit within the applicable period. Defendant does not, and cannot, argue otherwise.

**3.**     ***Indiana Law Cannot, and Does Not, Dictate Exhaustion Requirements of a Federal Statute***

Ignoring the statute itself, Defendant argues that Indiana state court decisions, and *Barnette v. U.S. Architects*, 15 N.E.3d 1 (Ind. Ct. App. 2014), specifically, require the exhaustion of state administrative remedies before a federal Title VII lawsuit can be filed. Defendant hand waves away the fact that these are Indiana cases having nothing to do with Title VII, the EEOC, or employment law generally, stating "[i]n Indiana, the Indiana Supreme Court authority governs the

4

question of whether a claimant must fully exhaust her administrative remedies before any Indiana state agency . . . before seeking a judicial remedy." (ECF No. 17 at 3).

Whatever truth this statement holds is confined to the geographical borders of Indiana and the covers of its state code. The application and interpretation of federal statutes is a matter of federal law as interpreted by federal courts. The United States Supreme Court has put this point beyond doubt. *See*, *e.g.*, *Western Air Lines, Inc. v. Bd. of Equalization of State of S.D.*, 480 U.S. 123, 129 (1987) ("absent a clear indication to the contrary, the meaning of words in a federal statute is a question of federal law"); *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88 fn.2 (1973); *Prudence Realization Corp. v. Geist*, 316 U.S. 89, 95 (1942) ("In the interpretation and application of federal statutes, federal not local law applies."); *Ex parte Worchester Cty. Nat. Bank of Worchester*, 279 U.S. 347, 359 (1929) ("when the question arises as to what is the proper interpretation and construction of federal legislation, this court adopts its own view"); *Davis v. Wechsler*, 263 U.S. 22, 24 (1923) ("Whatever springs [sic] the State may set for those who are endeavoring to assert rights that the State confers, the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice."); *Watson v. Tarpley*, 59 U.S. 517, 520 (1855) ("Whilst it will not be denied, that the laws of the several States are of binding authority upon their domestic tribunals, and upon persons and property within their appropriate jurisdiction, it is equally clear that those laws cannot affect, either by enlargement or diminution, the jurisdiction of the courts of the United States as vested and prescribed by the constitution and laws of the United States, nor destroy or control the rights of parties litigant to whom the right of resort to these courts has been secured by the laws and constitution. This is a position which has been frequently affirmed by this court, and would seem to compel the general assent upon its simple enunciation.").

If Plaintiff were looking to build a structure that exceeded the applicable height limits, place a house trailer on her vacant lot, hook her subdivision up to a public sewer line, sell out-of-state fireworks, or seek to vindicate any other state law right or remedy, then Defendant's authorities might have some applicability. If Title VII was an Indiana statute, then the Indiana Supreme Court might be able to dictate requirements for invoking the statute's protections. If a frog had wings, well, you know. But none of those things are reality. Instead, Plaintiff is seeking relief under a federal statute with statutory procedures far afield from those at issue in Defendant's state law authorities.[2] Those authorities have no applicability to this case.

**4.**   *None of Defendant's Federal Authorities Change the Conclusion*

Likely understanding that state law alone could not foreclose Plaintiff's right to sue, Defendant attempts to muster some federal authority for its position. Having reviewed all Defendant's authorities, the Court concludes that none of them require complete exhaustion of state law remedies prior to suit.

Defendant first relies on 29 C.F.R. § 1601.76. This regulation requires that the EEOC advise parties appearing before administrative bodies like Metro of their right to have the EEOC review the administrative decision. According to Defendant, only after taking this additional step (which is beyond even the state court remedies Defendant claims that Plaintiff failed to exhaust) could the EEOC have "reviewed her charge on the merits and entered a finding consistent with an actionable dismissal and notice of rights." (ECF No. 7 at 8).

There are several problems with Defendant's analysis. First, by advising of a "right" rather than an "obligation," § 1601.76 creates an optional process rather than a compulsory one. *See* 21 Fed. Proc., L. Ed. § 50:20, Certified agencies ("an employer or charging party may request EEOC

---

[2] For the same reason, Defendant's reliance on Ind. Code § 22-9-8-3, requiring an exhaustion of state administrative remedies prior to filing an appeal under the Indiana Civil Rights Act, is misplaced.

review of the final decision of a certified FEP agency"); 2 Emp. Discrim. Coord. Analysis of Federal Law § 72.19, Certified agencies (same).[3] Defendant has cited to no authority holding that this procedure is mandatory prior to the filing of a Title VII lawsuit, and the Court can find none.

Perhaps more importantly, the Seventh Circuit is clear that the issuance of a right to sue letter short circuits any attempt to resort to EEOC review. In *Riley v. Am. Family Mut. Ins. Co.*, 881 F.2d 368 (7th Cir. 1989), the court was faced with the question of whether a Title VII plaintiff, who had obtained a right to sue letter from the EEOC, had released her claim as part of the dismissal of an earlier state court case. The district court determined that she had but, reasoning that she had reserved her right to pursue her administrative claim before a Wisconsin version of Metro, dismissed the case without prejudice. *Id*. at 370. The district court directed the plaintiff to exhaust her state administrative remedies, seek EEOC review under 29 C.F.R. § 1601.76, and then refile.[4] *Id*.

The Seventh Circuit rejected the district court's understanding of the procedural route a Title VII plaintiff can travel. Finding that the plaintiff could not seek EEOC review after the right to sue letter was issued, the Court stated:

> Here plaintiff's charge was initially filed with the ERD on March 25, 1985, and cross-filed with the EEOC on April 8, 1985. Well after 180 days from filing of the charge with the EEOC, the plaintiff received upon her request an EEOC right to sue letter on March 22, 1988, giving plaintiff ninety days from issuance of the letter to file a Title VII action against the defendant, or forfeit her cause of action. Having received the prerequisite notice from the EEOC, the plaintiff was required to file this Title VII action within ninety days, regardless of the stage of the ERD proceedings. Judge Shabaz's order dismissing this action without prejudice ignores the procedural consequences of delaying plaintiff's action until the ERD has completed its review. Although it is true that work-sharing agreements routinely

---

[3] Notably, an appeal under Metro's rules is also optional. Metro Rule 1-4.5(a) (available at http://www.fortwaynemetro.org/metro-s-rules-regulations.html) (stating that a party "may file" an appeal); *Wolfe v. Eagle Ridge Holding Co., LLC*, 869 N.E.2d 521, 529 (Ind. Ct. App. 2007) (it is "axiomatic that use of the permissive word 'may' in a statute indicates that a [party] is not required to act, but may do so within its discretion.").

[4] It was the district court's "understanding" of the plaintiff's procedural rights that Defendant cites as the holding of *Riley*. (ECF No. 7 at 8). This understanding was expressly rejected by the Seventh Circuit, leaving Defendant's citation curious at best.

> allow state and federal agencies each the right to review the initial processing agency's resolution of the charge, where the EEOC has issued a right to sue letter, its review of the charge is terminated.

*Id.* at 371 (citations omitted).

The import of *Riley* is that the role of a state agency in a Title VII claim is over once the right to sue letter is issued. Not only is exhaustion of remedies available through the state agency not required, it is not even available. Plaintiff did not "improperly seize" on the letter to sue, she took the only route available once it was issued.[5]

Defendant cites to many more federal authorities in its reply brief, but the selected cases do little to aid its cause. Defendant cites to several cases which, it asserts, are examples of cases where courts "routinely dismiss cases for failure to exhaust administrative remedies even where the Plaintiff [sic] has received a notice of rights and filed suit within 90 days of receipt of dismissal." (ECF No. 17 at 4). But none of the cases cited speak to any issue present here. In each of the cases cited, the "administrative remedy" that was not exhausted was with the **EEOC**. *See*, *e.g.*, *Anderson v. Aurora Twp.*, 1997 WL 534265 (N.D. Ill. Aug. 20, 1997) (claim dismissed without prejudice where no right to sue letter had been issued); *Reynolds v. Subaru of Ind. Auto.*, 2020 WL 1157901 (N.D. Ind. March 10, 2020) (plaintiff failed to raise gender discrimination in EEOC complaint); *Renner v. Halex/Scott Fetzer Co.*, 2010 WL 1506547 (N.D. Ind. April 14, 2010) (plaintiff failed to raise sex discrimination and sexual harassment claims in EEOC complaint); *Jenkins v. Common Place, Inc.*, 2018 WL 5114123 (C.D. Ill. 2018) (plaintiff failed to raise race discrimination in EEOC complaint). Collectively, these cases stand for the unremarkable proposition that a claimant must raise discrimination claims with the EEOC before those claims

---

[5] The Metro rules recognize this reality: upon the issuance of a right to sue letter, Metro must issue a non-appealable order dismissing the complaint. *See* Metro Rule 1-4.4(c)(2)(G).

can be pursued in court. None of the cases speak to, or even involve, the exhaustion of state administrative remedies.

Defendant spends a considerable amount of ink in its reply brief discussing *Robinson v. Reg'l Transp. Dist.*, 2018 WL 2414866 (D. Colo. May 29, 2018), but it is difficult to see why. In *Robinson*, the plaintiff received a right to sue letter from the state administrative agency, starting a ninety-day clock within which to file state law claims. *Id*. at *2. The plaintiff did not file suit within that window, but instead waited until after he received the right to sue letter from the EEOC. *Id*. In a decision that affected only his state law claims, *id*. at *4, fn. 5, the district court held:

> Colorado law is clear that CADA claims are barred and a district court lacks jurisdiction if a lawsuit is not brought within ninety days. Colo. Rev. Stat. § 24–34–306(2)(b)(I)(C). Absent any indication that EEOC's notice extended the filing period for the CADA claims in Robinson's First Charge, Robinson was required to file his state law claims on the First Charge within ninety days of CCRD's July 27, 2016 notice letter. Robinson did not timely file his lawsuit stemming from state claims on the First Charge. The Court will therefore dismiss without prejudice the CADA claims arising under the First Charge.

*Id*. at *4.

Defendant seizes upon *Robinson* to point out that, in that case, the EEOC independently reviewed the merits of the plaintiff's claim. (ECF No. 17 at 9). The EEOC may have conducted such a review, but nothing in *Robinson* indicates that the review was necessary or even relevant to the outcome. The extent of the EEOC's investigation was more relevant in another case cited by Defendant, *Cardenas v. Costco Wholesale Corp.*, 2019 WL 2716288 (N.D. Cal. June 28, 2019), but only because state law conditioned the availability of a tolling provision on the nature of the EEOC investigation. *Id*. at *2. Those cases stand for the proposition that state law governs state law claims; nothing more.

This review of Defendant's authorities is a long way of saying that, over the course of twenty-four pages of briefing, Defendant has not cited to a single case, statute, or regulation that

requires the dismissal of a federal Title VII claim for failure to fully exhaust state administrative remedies. Instead, Defendant has established nothing more than that exhaustion of federal remedies is a prerequisite to a Title VII case, and that a plaintiff must comply with state law before bringing a state law claim. Since neither issue is before the Court, Defendant's discussion of law is unavailing.

**C.     Conclusion**

For the foregoing reasons, Defendant's Partial Motion to Dismiss (ECF No. 6) is DENIED. Plaintiff's Motion to File a Sur-Response to Defendant's Partial Motion to Dismiss (ECF No. 18) is also DENIED.

SO ORDERED on February 9, 2021.

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT